THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00125-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| JAMES DEAN DUCKETT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Compassionate Release/Reduction of Sentence Pursuant to [18 U.S.C. §] 3582(c)(1)(A); and Appointment of Counsel" [Doc. 34].

**I.    BACKGROUND**

On March 13, 2018, the Henderson County Sheriff's Office received a tip concerning the Defendant James Dean Duckett trafficking in methamphetamine out of his parents' home, located in Hendersonville, North Carolina. [Doc. 27: PSR at ¶ 17]. Detectives conducted two controlled methamphetamine purchases from the Defendant. [Id.]. During the course of one of these purchases, the confidential source (CS) noticed a firearm in the Defendant's bedroom, which the Defendant had altered in order to make

into a machinegun. [Id.]. Later testing by the ATF indicated that the firearm did actually fire as an automatic weapon/machinegun. [Id.].

On April 5, 2018, detectives executed a search warrant of the Defendant's home. [Id.]. During execution of the search warrant deputies recovered methamphetamine and the machinegun in the Defendant's bedroom, as well as ammunition in the home's garage. [Id.]. At the time of these offenses, the Defendant had been previously convicted of possession of LSD, a felony punishable by a term of imprisonment in excess of one year. [Id. at ¶ 11].

A federal grand jury returned a four-count Bill of Indictment against the Defendant. [Doc. 13]. Count One charged the Defendant with possession with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), an offense which carried a mandatory minimum term of imprisonment of 10 years. 21 U.S.C. § 841(b)(1)(A)(viii). Count Two charged the Defendant with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), an offense which carried a mandatory consecutive sentence of five years of imprisonment. Count Three charged the Defendant with possession of an unregistered machinegun in violation of 26 U.S.C. § 5861(d). Count

Four charged the Defendant with possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The Defendant entered into a written plea agreement with the Government, by which he agreed to plead guilty to Counts One, Three, and Four. [Doc. 15]. In exchange, the Government agreed to dismiss Count Two, thereby eliminating the Defendant's exposure to the mandatory consecutive five-year term of imprisonment.

The Court's probation officer prepared a presentence report (PSR) in advance of sentencing. In the PSR, the probation officer determined that the Guidelines advised a term of imprisonment in the range of 168 to 210 months. [Doc. 27: PSR at ¶ 93]. The officer further determined that the Defendant was responsible for 152.16 grams of actual methamphetamine; that the Defendant had maintained his parents' residence for the purpose of distributing a controlled substance; and that the Defendant had used or possessed the machinegun in connection with his methamphetamine trafficking offense. [Id. at ¶¶ 14, 25, 31].

In April 2019, the Court sentenced the Defendant to a term of imprisonment of 168 months, which was at the low end of the advisory guideline range. [Doc. 30: Judgment]. The Defendant did not appeal. The

Defendant is currently incarcerated at FCI Butner Medium I, and his projected release date is June 17, 2029.[1]

The Defendant now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his parent's health conditions and their need for a caretaker. [Doc. 41]. He further asserts that he has been "given a Home Confinement date of 10/6/26" and that his "BOP Unit Team refuses to resubmit or change his Home Confinement Date" despite a recent policy directive. [Id. at 5]. He also asserts that he endured "harsh conditions" during the COVID-19 pandemic. [Id. at 5-6].

Upon direction of the Court, the Government filed a response to the Defendant's Motion. [Doc. 38]. The Defendant has filed a reply. [Doc. 41]. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

---

[1] See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Sept. 12, 2025).

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, the Government concedes that the Defendant submitted a request for compassionate release to the warden of his facility and that the warden denied his request.  [See Doc. 37 at 5]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion.  The amended policy statement also sets forth a list of specified extraordinary and compelling

reasons, considered either singly or in combination, that can warrant a reduction in sentence, including certain family circumstances, such as where a defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Here, the Defendant has failed to demonstrate that his parents' needs rise to the level necessary to merit relief. While the Defendant recites various health issues that his parents have, he has not presented sufficient evidence to show that they are fully incapacitated by such issues. Indeed, in a letter to the Court, the Defendant's father describes in detail the daily tasks he is able to perform for the Defendant's mother. [Doc. 35-1: Duckett Letter].

The Defendant also fails to establish that he is the only available caregiver for his parents. The record indicates that the Defendant's sister and her husband reside in the same town as the Defendant's parents [see Doc. 27: PSR at ¶ 62; Doc. 29-2: Hudgins Letter], and the Defendant has offered no evidence that they are unable to assist in providing care. Further, the Defendant asserts that his parents would be able to "provide him with full financial support" if he were released [Doc. 34 at 7], an assertion corroborated by his father's letter [Doc. 35-1 at 3]. The Defendant fails to explain why his parents cannot use the resources they have to obtain caretaking assistance. Further, the Defendant has failed to show that in-

6

home care, either through private insurance or public assistance, is not available.

While the Defendant's parents would undoubtedly benefit from the Defendant being present and would prefer to have him near, the Defendant has failed to prove that they are fully incapacitated and that no other caregivers are available to them. Accordingly, the Court concludes that the Defendant's family circumstances do not warrant a sentence reduction.

The Defendant also asserts that he experienced "harsh conditions" during the COVID-19 pandemic. [Doc. 34 at 5]. Such conditions, however, even when coupled with his family circumstances, do not qualify as an extraordinary and compelling reason for release. Like the experience of challenges associated with sick or aging parents, the experience of the COVID-19 pandemic was common to many, and the Defendant has not identified anything that makes his own COVID-related circumstances extraordinary or compelling.

As for the Defendant's complaints related to the BOP's determinations about his eligibility for home confinement, [Doc. 34 at 5], these issues do not constitute extraordinary and compelling reasons for compassionate release. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall

7

Case 1:18-cr-00125-MR-WCM    Document 43    Filed 09/22/25    Page 7 of 10

designate the place of the prisoner's imprisonment[.]"); 18 U.S.C. § 3624(c)(2) (granting Bureau of Prisons authority to place prisoner in home confinement). A prisoner can seek judicial review of such determinations by filing a petition under 28 U.S.C. § 2241 in his district of confinement. See Nicoletti v. Bayless, NO. 24-6012, 2025 WL 80294, at *1 (4th Cir. Jan. 13, 2025) (per curiam). Because the Defendant has an adequate venue to challenge such determinations under § 2241, he cannot seek compassionate release on these grounds. See United States v. Ferguson, 55 F.4th 262, 271 (4th Cir. 2022) ("the very purpose of §3582(c)(1)(A) is to provide a safety valve that allows for sentence reductions when there is *not* a specific statute that already affords relief") (citation and internal quotation marks omitted).

Having carefully considered the Defendant's motion, the Court concludes that the Defendant has failed to show that any of the cited reasons—considered singly or in combination—demonstrate extraordinary and compelling reasons for his release.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crimes were extremely serious. The Defendant engaged in methamphetamine trafficking out of the home to which he intends to return. He used and possessed a machinegun in furtherance of this illicit activity. Additionally, the Defendant has significant criminal history, including multiple convictions for drug possession and a conviction for felony breaking and entering, all within the past ten years. While the Defendant's efforts at post-sentencing rehabilitation and lack of disciplinary infractions while in prison are commendable, the fact that the Defendant repeatedly committed crimes over the course of a decade reflects a significant risk that he will return to dangerous conduct if released from the prison environment.

In light of the seriousness of the Defendant's offenses and his criminal history, the Court finds that requiring the Defendant to serve his full sentence adequately reflects the seriousness of his offense, promotes respect for the law, avoids unwarranted sentencing disparities, and provides general deterrence to others who might commit similar crimes.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant §

3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.[2]

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Compassionate Release/Reduction of Sentence Pursuant to [18 U.S.C. §] 3582(c)(1)(A); and Appointment of Counsel" [Doc. 34] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 22, 2025

Martin Reidinger
Chief United States District Judge

---

[2] Within his compassionate release motion, the Defendant also moves for the appointment of counsel to represent him in connection with litigating his motion. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). While the Court may, in some circumstances, appoint counsel to represent a prisoner, see 18 U.S.C. § 3006A(a)(2)(B), the Court concludes that the interests of justice do not require the appointment of counsel in this case. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).